IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 24, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

| | |
|---|---|
| **JONATHAN LYNN PILKINS,** ) | |
|    Plaintiff, ) | Civil Action No. 7:24cv564 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| **SOUTHWEST VIRGINIA REGIONAL** ) | By:  Robert S. Ballou |
| **JAIL AUTH.-TAZEWELL, et al.,** ) | United States District Judge |
|    Defendants. ) | |

Plaintiff Jonathan Lynn Pilkins, proceeding *pro se*, has filed a civil rights action against several defendants, pursuant to 42 U.S.C. § 1983, alleging excessive use of force resulting in bodily injury.  Defendant Southwest Virgina Regional Jail Authority—Tazewell (hereafter, SWVRJA) has filed a Motion to Dismiss SWVRJA from the case.  ECF No. 15.  I will grant the motion because the jail is not a proper party under § 1983.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  A jail is not a person within the meaning of § 1983 and lacks the capacity to be sued. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).

Therefore, SWVRJA is hereby **DISMISSED** as a defendant from this suit, and the action will proceed against the remaining named defendants.

      Enter:  January 23, 2025

      */s/ Robert S. Ballou*
      Robert S. Ballou
      United States District Judge