CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 14, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JONATHAN LYNN PILKINS,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00564** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JASON CARVER, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Jonathan Lynn Pilkins, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Pilkins claims that Correctional Officers Jason Carver and Geoff Moore used excessive force against him while he was incarcerated at the Southwest Virginia Regional Jail in Tazewell, Virginia. The case is presently before the court on the defendants' joint motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1] ECF No. 27. For the reasons set forth below, the motion is **DENIED**.

### I.   Background

The following factual allegations, taken from the complaint, are accepted as true for purposes of ruling on the pending motion. See Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014).

On August 18, 2024, Officer Carver entered Pilkins's cell at the Southwest Virginia Regional Jail while "yelling for no good reason." Compl., ECF No. 1, at 2. Although Pilkins was "sitting down non aggressively," Carver proceeded to "punch [Pilkins] in the side of the

---

[1] The case was transferred to the undersigned on January 29, 2026. ECF No. 34.

head and knee [him] in the back," causing "welts." Id. Officers subsequently escorted Pilkins to the booking area, where he loudly requested to speak to a magistrate. Id. Officers then moved him to a separate cell. Id. After officers refused to allow him to speak to a magistrate or have "pictures . . . taken of the welts," Pilkins "yelled at them exclaiming how messed up it was." Id. Officers then pulled him out of the cell and attempted to place him in a restraint chair. Id. In the process of doing so, Officer Moore "bent [Pilkins's] finger" back, "almost breaking it." Id.

On August 22, 2024, Pilkins executed a form complaint under 42 U.S.C. § 1983 against Carver and Moore. Pilkins seeks monetary damages and other relief. Id. at 3.

## II.  Standard of Review

Pilkins and Carver have moved for judgment on the pleadings under Rule 12(c). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). When ruling on a Rule 12(c) motion, the court is "required to accept all well-pleaded allegations of [the plaintiff's] complaint as true and draw all reasonable factual inferences in his favor." Massey, 759 F.3d at 353. The court may also "consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff." Id. A complaint will survive a Rule 12(c) motion "if it 'states a plausible claim for relief.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III.   Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Pilkins claims that Carver and Moore used excessive force against him. State court records indicate that Pilkins was a pretrial detainee at the time of the events giving rise to his claims.[2] Consequently, his claims of excessive force are governed by the Due Process Clause of the Fourteenth Amendment. Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015).

"[T]he Due Process Clause protects pretrial detainees from the use of force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535–39 (1979)). Unlike convicted prisoners, "pretrial detainees . . . cannot be punished at all, much less maliciously and sadistically." Kingsley, 576 U.S. at 400 (internal quotation marks omitted). Thus, to prevail on a claim of excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Id. at 396–97. This standard "turns on the facts and circumstances

---

[2] See Commitment Order, Defs.' Ex 1, ECF No. 28-1; see also Commonwealth v. Pilkins, Nos. GC4004274-00–GC24004278-00 (Tazewell Cnty. Gen. Dist. Ct.), available at https://eapps.courts.state.va.us/gdcourts (last accessed Apr. 6, 2026).

of each case," and various factors, including the following, "may bear on the reasonableness

or unreasonableness of the force used":

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397 (internal quotation marks and citations omitted).

In moving for judgment on the pleadings, Carver and Moore argue that Pilkins's complaint fails to state a claim of excessive force because he "does not allege that he suffered any injuries" as a result of their alleged actions. Defs.' Mem. Supp. Rule 12(c) Mot., ECF No. 28, at 6 (emphasis added). As noted above, however, the complaint indicates that Pilkins had "welts" from being punched and kneed by Carver and that Moore almost broke Pilkins's finger. Compl. at 2. In any event, "the extent of an inmate's injuries, while relevant to the excessive force inquiry, is not dispositive." Frost v. New York City Police Dep't, 980 F.3d 231, 254 n. 21 (2d Cir. 2020) (finding unpersuasive the defendants' argument that a pretrial detainee did not sustain significant injuries from being kicked or dragged across the floor); see also Aruanno v. Maurice, 790 F. App'x 431, 433 (3d Cir. 2019) (concluding that a correctional officer "may not have acted in an objectively reasonable manner when he (allegedly) threw punches at [a pretrial detainee] based only on a verbal provocation" and that the lack of any significant injury was "not dispositive" of the detainee's claim of excessive force). As the Supreme Court has recognized in the Eighth Amendment context, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely

4

because he has the good fortune to escape without serious injury." <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 38 (2010).

Here, Pilkins alleges that Carver punched and kneed him without provocation and that Moore bent his finger back to the point of almost breaking it after he loudly complained about being mistreated. At this stage of the proceedings, Pilkins has plausibly alleged "that the force purposely or knowingly used against him was objectively unreasonable." <u>Kingsley</u>, 576 U.S. at 397. Consequently, Carver and Moore are not entitled to judgment on the pleadings.

### IV.    Conclusion

For the reasons stated, the defendants' motion for judgment on the pleadings, ECF No. 27, is **DENIED**. An appropriate order will be entered.

Entered: April 14, 2026

Michael F.
Urbanski
U.S. District Judge
2026.04.14
14:35:27 -04'00'

Michael F. Urbanski
Senior United States District Judge